## CINCINNATI MASONIC TEMPLE COMPANY, Application of, In Re.

Board of Tax Appeals.

No. 16507.   Decided January 23, 1950.

Ernst R. Gwinner, Clarence H. Hallman and Lawrence P. Lake, Cincinnati, for applicant.

Donald B. Leach, Columbus, for tax commissioner.

### OPINION

This cause and matter came on to be considered by the Board of Tax Appeals upon an application for tax exemption and remission filed herein under date of August 11, 1949, by The Masonic Temple Company, Cincinnati Taxing District, Hamilton County, Ohio.

The property involved is tangible personal property and consists of stoves, steamers, cafeteria counters, coffee urns, refrigerators, roll warmer, tables, chairs and other equipment normally found in a restaurant.   The application for tax exemption seeks exemption for the years 1948 and 1949 and the application for remission seeks tax and penalty remission for the tax years 1932 to 1947, inclusive.

The cause was submitted on the application and exhibits, the evidence given before a member of this Board, a record of which hearing is now before us, and the brief of applicant's counsel.

The application seeks tax exemption under the provisions of §§5353 and 5570-1 GC.

Sec. 5570-1 GC, is a procedural statute and §5353 GC, is a substantive statute. Sec. 5353 GC, in so far as herein pertinent, reads as follows:

"* * *. Real and tangible personal property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation."

The purpose clause as contained in the articles of incorporation of The Cincinnati Masonic Temple Company, a corporation for profit, read as follows up until November 19, 1929:

"Said corporation is formed for the purpose of acquiring by gift, devise or purchase, and of holding real estate; and of improving the same, by erecting buildings and other structures thereon, to be used for the purpose of providing meeting places and other accommodations for the Masonic Fraternity, Masonic Bodies, and affiliated organizations, of Cincinnati, Ohio and for other purposes, and of acquiring by gift, bequest or purchase and holding such personal property as may be needed to suitably furnish and equip the said property, buildings and structures for the uses and purposes of said Fraternity Masonic Bodies and affiliated organizations."

On November 19, 1929, a certificate of amendment to the articles of incorporation of this company was filed with the Ohio Secretary of State. The above quoted purpose clause apparently remained intact and the pertinent portion of said amendment reads as follows:

"BE IT RESOLVED that the Articles of Incorporation of this Company be amended to read as follows:

"That the purpose for which this Corporation is formed is not for profit. No dividends shall at any time be paid to any stockholder; all the earnings of the Company in excess of the cost of maintenance of the building and its equipment shall be devoted to some charitable purpose to be selected by the Board of Directors at such time as they shall determine,

"PROVIDED, however, that the Board of Directors shall have the right to reduce the maintenance assessment paid by any of the stockholding bodies from time to time as circumstances warrant."

From the evidence it is apparent that the tangible personal property herein involved has been used during the years in question as equipment in a restaurant operated by the applicant; and that said restaurant is operated primarily for the benefit of the Masonic members and their friends for a noon lunch, which is served from 11:00 A. M. to 2:00 P. M., Monday through Friday. Meals are also served in this restaurant in the evenings to affiliated Masonic Fraternities and to other groups making arrangements therefor. ·There is nothing in the record to indicate that the specific personal property herein involved was used exclusively for charitable purposes as that term is used in §5353 GC. It appears that a regular charge was collected for all meals served in this restaurant.

The tax commissioner's motion to dismiss this application for lack of jurisdiction on the part of the Board of Tax Appeals is founded on the cases of **Pfeiffer v. Jenkins, 141 Oh St, 66,** and **McFadden v. Glander, 147 Oh St, 225.** A close inspection of said cases discloses that the decisions therein were based on an interpretation of §5616 GC, which reads as follows:

"Any person, board or officer authorized by this act to file complaints with the county board of revision may complain to the tax commission of Ohio (Board of Tax Appeals) at any time prior to the thirty-first day of December in any year, of the determination of a county auditor respecting the liability of any property to taxation in that year, or its exemption therefrom. The commission shall hear such complaint and determination whether the property complained of is subject to taxation and certify its findings to the county auditor, who shall correct the tax list and duplicate accordingly."

It is apparent that this section refers only to real property for the reason that the Board of Revision has nothing whatever to do with the taxation of personal property; and the county auditor in assessing personal property for taxation acts only as the deputy of the Tax Commission of Ohio. Our view in this matter is strengthened by the language used in the first syllabus of the McFadden case, supra;

"The Board of Tax Appeals is without jurisdiction to consider an application for exemption of **real property** from taxation unless such application is filed prior to the thirty-first day of December in the year for which exemption is claimed." **(Pfeiffer et al., Trustees of Akron Public Library v. Jenkins**

et al., Board of Tax Appeals, 141 Oh St, 66, approved and followed.)

It is, therefore, the opinion of the Board of Tax Appeals that an application for the exemption of personal property from taxation and for the remission of taxes and penalties thereon can be considered by this Board at any time and for any years, subject only to the restrictions contained in §5570-1 GC, and although in this case the Board of Tax Appeals has no jurisdiction to pass on the merits of the application as to the years 1948 and 1949 (for the reason that the taxes for said years have been paid by the applicant, jurisdiction remains as to prior years.

And upon a finding that the tangible personal property herein involved was not used for an exempt purpose during the tax years 1932 to 1947, inclusive, the application for the remission of taxes and penalties assessed for those years is hereby denied. And upon a finding that the taxes assessed upon the tangible personal property for the years 1948 and 1949 have been paid, the application in regard thereto is hereby dismissed.